LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street, Suite 2500
New York, New York 10038
(212) 232 – 1300
Attorneys for Third-Party Defendants KENNETH J. MARCHIOL,
SHARON L. MARCHIOL, SHAUN MCNAUGHTON, INSTITUTIONAL MARKETING
CONSULTANTS, INC., and INSTITUTIONAL MARKETING CONCEPTS, INC.

U.S. DISTRICT COURT

2009 DEC -4 P 3: 29

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CSC TRUST COMPANY OF DELAWARE, as Corporate Trustee of the Joseph K. Barba 2006 Business Trust I, dated May 2, 2006,<br><br>　　　　　　　Defendants,<br>and<br><br>JOSEPH K. BARBA and ELIZABETH J. BOVA as Trustee of the Joseph K. Barba Insurance Trust Agreement Dated 9/12/05, and as Individual Trustee of The Joseph K. Barba 2006 Business Trust I, Dated May 2, 2006,<br><br>　Defendant/Third-Party Plaintiff,<br>v.<br><br>KENNETH J. MARCHIOL, SHARON L. MARCHIOL, SHAUN MCNAUGHTON, INSTITUTIONAL MARKETING CONSULTANTS, INC., and INSTITUTIONAL MARKETING CONCEPTS, INC.,<br><br>　Third Party Defendants/Second Third-Party Plaintiffs,<br><br>v.<br><br>EDWARD CONNELL and COVENTRY FINANCIAL LLC, COVENTRY CAPITAL, COVENTRY, COVENTRY FIRST, CAI FINANCIAL, LLC<br><br>　Second Third-Party Defendant. | Civil Action No.: 208 cv 01777 (SRC-MAS)<br><br>KENNETH J. MARCHIOL, SHARON L. MARCHIOL, SHAUN McNAUGHTON, INSTITUTIONAL MARKETING CONSULTANTS, INC., AND INSTITUTIONAL MARKETING CONCEPTS, INC.<br><br><br><br><br>**AMENDED SECOND THIRD- PARTY COMPLAINT** |

4835-8394-5221.1

Third Party Defendants/Second Third-Party Plaintiffs, Kenneth J. Marchiol, Sharon L. Marchiol, Shaun McNaughton, Institutional Marketing Consultants, Inc., and Institutional Marketing Concepts, Inc., (hereinafter "Marchiol Second Third-Party Plaintiffs"), by way of Second Third-Party Complaint against Edward Connell and Coventry Financial LLC, Coventry Capital, Coventry, Coventry First, CAI Financial, LLC (collectively referred hereafter as "Second Third-Party Defendants" do say:

## THE PARTIES

1. Edward Connell is a natural person residing at 117 Plantation Circle South, Ponte Vedra Beach, FL 32082 and is a citizen of the State of Florida.

2. Coventry Financial, Coventry First, Coventry, CAI Financial LLC, and Coventry Capital (hereinafter "Coventry") is a corporation organized by the laws of the State of New York with a business address located at 7111 Valley Green Road, Fort Washington, PA 19034.

3. Kenneth Marchiol is a natural person residing at 4705 South Helena Way, Aurora, CO 80015 and is a citizen of the State of Colorado.

4. Sharon L. Marchiol is a natural person residing at 3952 South Atchison Way, Unit D, Aurora, CO 80014 and is a citizen of State of Colorado.

5. Shaun M. McNaughton is a natural person and is a citizen of the State of Colorado.

6. Institutional Marketing Consultants, Inc. is a dissolved corporation that was organized under the laws of the State of Colorado with a former business address located at 3300 S. Parker Road #110, Aurora, CO 80014.

7. Institutional Marketing Concepts, Inc. is a corporation organized under the laws of the State of Colorado with a business address located at 3300 S. Parker Road #110, Aurora, CO 80014.

8. Joseph Barba is a natural person and a citizen of the State of Arizona.

9. Elizabeth Bova is a natural person residing at 12107 E. Bella Drive, Scottsdale, Arizona, and is a citizen of Arizona.

## JURISDICTION

10. This action is brought pursuant to 28 U.S.C. §1332.

11. A Supplemental causes of action is brought pursuant to 28 U.S.C. §1367.

12. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

13. Venue in the District of New Jersey is founded upon 28 U.S.C. §1391(a).

## FACTUAL BACKGROUND

14. The "Marchiol Second Third-Party Plaintiffs" repeat and reallege the preceding allegations and incorporates them by reference as if fully set forth herein.

15. Plaintiff, The Lincoln National Life Insurance Company (hereinafter "Plaintiff") issued a life insurance policy ("the Policy") in the amount of $35 million on the life of First Party Defendant Joseph K. Barba on or about April 2006.

16. Thereafter, "The Plaintiff" brought a lawsuit against First Party Defendants Joseph K. Barba and Elizabeth Bova, alleging that these First Party Defendants and/or others acting on his behalf made material misrepresentations in the application submitted for ("the Policy").

17. More specifically, the "Plaintiff" alleged that First Party Defendant Joseph K. Barba and/or others acting on his behalf made material misrepresentations regarding additional life insurance policies in place and/or applied for on the life of First Party Defendant Joseph K. Barba at the time the application was submitted to the "Plaintiff".

18. The "Plaintiff's" Complaint sought declaratory judgment ordering that "The Policy" was void *ab initio* or, in the alternative, that "Plaintiff" may rescind the "The Policy".

19. Second Third-Party Defendant Edward Connell was an independent contractor-producer for the dissolved Institutional Marketing Consultants, Inc. The "Marchiol Second Third-Party Plaintiffs" Sharon Marchiol of the Institutional Marketing Consultants Inc. was a principal of the firm and a licensed life insurance broker in the State of New Jersey. The "Marchiol Second Third-Party Plaintiffs" through the discovery Institutional Marketing Consultants, Inc., an agency under which the life insurance was written, did not actively market or do business in the State of New Jersey as part of its normal business. The "Marchiol Third-Party Plaintiffs" Institutional Marketing Concepts, Inc. was not incorporated at the time the Barba life insurance referred to as "The Policy" was underwritten. It did not have any relationship to "The Policy" either as an agent, producer, trustee, insured, or client. After attempting to secure financing for the premium through several financing sources Second Third-Party Defendant Edward Connell utilized Second Third-Party Defendant "Coventry" to secure temporary financing on the "The Policy". Second Third-Party Defendant Edward Connell and his clients Third Party Defendants Elizabeth Bova and Joseph Barba applied for life insurance with several different financing companies to potentially secure the lowest long term rate for the Third-Party Defendant Joseph K. Barba life insurance, "The Policy". It was not known by the "Marchiol Second Third Party Plaintiffs" during the application process for "The Policy" that the total amount of insurance that would be required or ultimately placed on Third Party Defendant Barba's life would exceed $65 million; indeed, the "Marchiol Second Third-Party Plaintiffs specifically was not informed of the specific amount. The "Policy" amount would exceed $65 million was not disclosed by Second Third-Party Defendant Edward Connell and his advisors, his clients, and "Coventry". The "Marchiol Second Third-Party Plaintiffs did not design the estate's ability to fulfill its estate planning purpose.

20. Upon information and belief, Second Third- Party Defendants Edward Connell and "Coventry" were responsible for arranging the life insurance coverage on behalf of Third-Party Defendant Joseph K. Barba and for accurately and truthfully completing and submitting the application for the "The Policy" to the "Plaintiff".

21. Although Second Third-Party Plaintiffs deny the existence of any misrepresentations in the application for the Policy, if it is determined such misrepresentations exist, they were made with the knowledge or consent of Second Third-Party Defendants, Edward Connell and "Coventry".

22. Any misrepresentations found to exist in the application for the Policy are the sole responsibility of the Second Third-Party Defendants, Edward Connell and "Coventry".

23. Thus, Second Third-Party Defendants Edward Connell and "Coventry" are necessary and indispensable parties to this action.

## FIRST COUNT
### (Negligence)

24. Second Third-Party Plaintiffs repeat and reallege the preceding allegations and incorporates them by reference as if fully set forth herein.

25. Second Third-Party Defendants Edward Connell and "Coventry" had a duty to secure proper and appropriate life insurance coverage for Mr. Barba.

26. Second Third-Party Defendants Edward Connell and "Coventry" had a duty to properly and accurately complete the application for the "Policy".

27. Second Third-Party Defendants Edward Connell and "Coventry" breached their duty to secure appropriate life insurance coverage on the life of Mr. Barba.

28. In the event it is determined that misrepresentations were made in the application for the "Policy", then Second Third-Party Defendants Edward Connell and "Coventry" breached their duty to properly and accurately to process the life insurance application procedures.

29. Second Third-Party Defendants Edward Connell and "Coventry" are liable and responsible for the negligence of their employees, with the law governing principal/agency relationship and/or under the doctrine of respondeat superior.

30. As a direct and proximate cause of Second Third-Party Defendants' failure to secure appropriate insurance coverage, the "Marchiol Second Third-Party Plaintiffs" have suffered damages including counsel fees, costs and the loss or potential loss of insurance coverage provided by the "Policy" or reduced "Policy" benefits.

**WHEREFORE**, the "Machiol Second Third-Party Plaintiffs" demand judgment in favor of Second Third-Party Plaintiffs and against Second Third-Party Defendants Edward Connell and "Coventry", jointly and severally, with interest, attorneys' fees, costs of suit and such other as this Court deems equitable and appropriate.

## SECOND COUNT
### (Contribution)

31. The "Marchiol Second Third-Party Plaintiffs" repeat and reallege the preceding allegations and incorporates them by reference as if fully set forth herein.

32. Without admitting any liability herein, the "Marchiol Second Third-Party Plaintiffs" hereby claim contribution from Second Third-Party Defendants as a result of their negligence in the event Second Third-Party Plaintiffs are deemed liable, in whole or in part, to the "Plaintiff".

**WHEREFORE**, the "Marchiol Second Third-Party Plaintiffs" demand judgment in favor of "Marchiol Second Third-Party Plaintiffs" and against Second Third-Party Defendants Edward Connell and "Coventry", jointly and severally, with interest, attorneys' fees, costs of suit and such other as this Court deems equitable and appropriate.

### THIRD COUNT
### (Indemnification)

The "Marchiol Second Third-Party Plaintiffs" repeat and reallege the preceding allegations and incorporates them by reference as if fully set forth herein.

33. Without admitting any liability herein, Second Third-Party Defendants, if found liable to any degree to Plaintiff, hereby claims that such liability is based upon passive, vicarious and imputed conduct and that conduct and negligence of the Second Third-Party Defendants Edward Connell and 'Coventry" was the primary cause of any damage sustained by Plaintiff.

**WHEREFORE**, the "Marchiol Second Third-Party Plaintiffs" and against Second Third-Party Defendants Edward Connell and "Coventry", jointly and severally, with interest, attorneys' fees, costs of suit and such other as this Court deems equitable and appropriate.

Dated:  December 4, 2009

                            **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
      George Catlett (GC 0444)
      Attorneys for *Third-Party Defendants/*
      *Second Third-Party Plaintiffs*
      Kenneth J. Marchiol, Sharon l. Marchiol, Shaun
      McNaughton, Institutional Marketing Consultants, Inc.,
      and Institutional Marketing Concepts, Inc.
      199 Water Street, Suite 2500
      New York, New York 10038
      199 Water Street
      New York, New York 10038
      Tel: 212-232-2300
      Fax: 212-232-1399
      gcatlett@lbbslaw.com

## JURY DEMAND

The "Marchiol Second Third-Party Plaintiffs" Kenneth J. Marchiol, Sharon L. Marchiol, Shaun McNaughton, Institutional Marketing Consultants, Inc., and Institutional Marketing Concepts, Inc., hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

**TAKE NOTICE** that George Catlett, Esquire of Lewis Brisbois Bisgaard & Smith, LLP, is hereby designated as trial counsel for "Marchiol Second Third-Party Plaintiffs" Kenneth J. Marchiol, Sharon L. Marchiol, Shaun McNaughton, and Institutional Marketing Concepts, Inc.

Dated: December 4, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
George Catlett (GC 0444)
Attorneys for *Third-Party Defendants/
Second Third-Party Plaintiffs*
Kenneth J. Marchiol, Sharon l. Marchiol, Shaun
McNaughton, Institutional Marketing Consultants, Inc.,
and Institutional Marketing Concepts, Inc.
199 Water Street, Suite 2500
New York, New York 10038
199 Water Street
New York, New York 10038
Tel: 212-232-2300
Fax: 212-232-1399
gcatlett@lbbslaw.com