UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : : : : | |
| Plaintiff, | : : | Civil Action No. 08-1777 (SRC) |
| v. | : : : | **OPINION & ORDER** |
| JOSEPH K. BARBA et al., | : : | |
| Defendants. | : : | |

**CHESLER**, U.S.D.J.

This matter comes before the Court on the motion to dismiss the Amended Third-Party Complaint ("ATPC") for failure to state a valid claim for relief, pursuant to FED. R. CIV. P. 12(b)(6), by third-party Defendants Kenneth J. Marchiol, Sharon L. Marchiol, Shaun McNaughton, Institutional Marketing Consultants, Inc., and Institutional Marketing Concepts, Inc. (collectively, "Third-Party Defendants"). For the reasons stated below, the motion will be granted.

On March 5, 2009, Defendants/third-party Plaintiffs Joseph K. Barba and Elizabeth J. Bova ("B&B") filed the ATPC. In brief, the ATPC alleges that the original Plaintiff, an insurer, has alleged that B&B made material representations in an application for life insurance, and has sued to have the policy declared void or rescinded. The ATPC alleges that the Third-Party Defendants were responsible for obtaining the life insurance and, therefore, to the extent that any misrepresentations appear in the application, they are the fault of the Third-Party Defendants. The ATPC asserts three counts: 1) negligence; 2) contribution; and 3) indemnification.

The filing of a third-party complaint by a defendant to a declaratory judgment action is problematic. Federal Rule of Civil Procedure 14(a)(1) states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The problem here is that the original Plaintiff has not filed any claim which seeks to hold Defendants liable to it; rather, the original Plaintiff here has sought only declaratory relief. As such, there can be no nonparty here who might be liable to the Third-Party Plaintiffs for all or part of the declaratory judgment claim against them. The ATPC does not meet the requirements of Rule 14(a)(1).

There is, however, authority to the contrary. Moore's notes that, despite the fact that the declaratory judgment defendant has no liability that can be passed on to a third-party defendant, some courts have allowed impleader in such a case. James Wm. Moore et al., Moore's Federal Practice - Civil § 14.04 (2010). Moore's cites to a number of district court cases in which courts have found that policy considerations of judicial economy have warranted a loosening of the requirements of Rule 14(a)(1). Id.

This Court is not, however, persuaded to take this position, for several reasons. First, as discussed above, the plain language of the Rule is clear, and it does not allow for impleader in this case. Second, while Moore's accepts a looser approach, Wright & Miller does not. Rather, Wright & Miller states:

> If the claim is separate or independent from the main action, impleader will be denied. . . . The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1446 (3d ed. 2010). That "crucial characteristic" is not present in the instant case.  Third, this Court observes that, in <u>United States Fire Ins. Co. v. Reading Municipal Airport Authority</u>, 130 F.R.D. 38, 39 (E.D. Pa. 1990), Judge van Antwerpen, then a District Court Judge (now a Judge of the Third Circuit Court of Appeals), held that, in an analogous case, "the fundamental prerequisite of joinder under Fed.R.Civ.P. 14(a) is not met."  Lastly, in <u>Schwab v. Erie L. R. Co.</u>, 438 F.2d 62, 68 (3d Cir. 1971), the Third Circuit held that "we too must reject the view that Rule 14 permits recovery of damages in excess of, or different from, that sought by the original plaintiff in his main claim." For all these reasons, this Court finds that the ATPC does not meet the requirements of Rule 14(a)(1), and it will be dismissed without prejudice.

For these reasons,

**IT IS** on this 8th day of July, 2010,

**ORDERED** that Third-Party Defendants' motion to dismiss the Amended Third-Party Complaint for failure to state a valid claim for relief (Docket Entry No. 137) is **GRANTED**, and the Amended Third-Party Complaint is hereby **DISMISSED** without prejudice.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.